[56 NYS3d 890]

In the Matter of PAMELA LEE (Admitted as PAMELA TERRAINE LEE), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 2, 2017

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for Grievance Committee for the Ninth Judicial District.

*McDonough & McDonough, LLP*, Garden City (*Chris McDonough* of counsel), for respondent.

## OPINIÓN OF THE COURT

Per Curiam.

The respondent, Pamela Lee, admitted as Pamela Terraine Lee, has submitted an affidavit sworn to on April 19, 2017, in support of her application to resign as an attorney and counselor-at-law (*see* 22 NYCRR 1240.10).

The respondent acknowledges in her affidavit that she is the subject of disciplinary charges pending before this Court, as set forth in a petition dated March 4, 2016, which include at least the following acts of professional misconduct: misappropriation, failure to account, and failure to appropriately disburse funds from escrow. The respondent also states that there are three additional complaints pending before the Grievance Committee, which include, inter alia, allegations that she failed to return funds held in escrow, failed to properly maintain her escrow account, and failed to adhere to the directives of the Court. The respondent avers that she cannot successfully defend herself against the charges based upon the facts and circumstances of her professional conduct. The respondent further acknowledges that her resignation is freely and voluntarily rendered; that she is not being subjected to coercion or duress by anyone; and that she is fully aware of the implications of submitting her resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking her name from the roll of attorneys and counselors-at-law.

As to the issue of restitution, the respondent has provided the Grievance Committee with proof that the parties involved in the charges have been made whole. The respondent also acknowledges that the resignation is submitted subject to any

future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90 (6-a), directing that she make restitution or reimburse the Lawyers' Fund for Client Protection, and that she consents to the Court's continuing jurisdiction to make such an order.

The respondent also acknowledges and agrees that, pending the issuance of this order accepting her resignation, she would not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which she has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.

Lastly, the respondent acknowledges that, in the event the Court accepts her resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including this affidavit, shall be deemed public records pursuant to Judiciary Law § 90 (10).

The Grievance Committee recommends that the respondent's application to resign be granted.

Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and, effective immediately, the respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.

Eng, P.J., Mastro, Rivera, Dillon and Balkin, JJ., concur.

Ordered that the application of Pamela Lee, admitted as Pamela Terraine Lee, a suspended attorney, to resign as an attorney and counselor-at-law is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Pamela Lee, admitted as Pamela Terraine Lee, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Pamela Lee, admitted as Pamela Terraine Lee, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Pamela Lee, admitted as Pamela Terraine Lee, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3)

giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Pamela Lee, admitted as Pamela Terraine Lee, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15 (f); and it is further,

Ordered that on the Court's own motion, the disciplinary proceeding authorized by the decision and order on motion of this Court dated July 26, 2016 (2016 NY Slip Op 80626[U]), is discontinued.