Matter of Mintz (2019 NY Slip Op 08285)





Matter of Mintz


2019 NY Slip Op 08285


Decided on November 14, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Angela M. Mazzarelli,Justice Presiding,
Barbara R. Kapnick
Troy K. Webber
Ellen Gesmer
Cynthia S. Kern, Justices.


M-3579

[*1]In the Matter of Frederick M. Mintz, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Frederick M. Mintz, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Frederick M. Mintz, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 26, 1960.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Naomi F. Goldstein, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Frederick M. Mintz was admitted to the practice of law in the State of New York by the Second Judicial Department on February 26, 1960. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.
Respondent now seeks an order, by motion pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice law in the State of New York. Respondent also requests that this Court "determine that the period of time between the entry date of the order accepting [his] Affidavit of Resignation and the effective date of such order be a period of not less than 30 days."
Also attached to the notice of motion is respondent's affidavit of resignation, sworn to on July 22, 2019, which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10.
Respondent acknowledges that he is currently the subject of an investigation by the Attorney Grievance Committee involving allegations that include at least the following acts of professional misconduct: between August 16 and October 3, 2012,
while retained to represent an attorney serving as the executor of an estate and as the trustee of a related trust, respondent and his law partner (Alan P. Fraade) willfully misappropriated $125,000 by transferring such funds from an estate account into their law firm's escrow accounts, and then transferring $70,000 of those funds into the firm's operating account and using them to pay the firm's operating expenses. Respondent adds that, on April 11, 2017, when the Surrogate's Court issued a decision pursuant to petitions to settle the accounts of the executor and trustee, the $487,014.50 representing the balance of funds belonging to the estate/trust were not kept in an attorney trust account. Further, aggregate funds of $360,000 were held in a separate account titled "The Mintz Fraade Law Firm, P.C.," which respondent claims was "created to be utilized for replenishing the . . . escrow funds."
Respondent attests that he cannot successfully defend against the allegations under investigation based upon the facts and circumstances of his professional conduct as described herein.
Respondent acknowledges that his resignation is freely and voluntarily rendered, without coercion or duress, and with full awareness of the consequences, including that upon this Court's acceptance and approval, an order of disbarment striking his name from the roll of attorneys shall be entered; no monetary restitution to anyone is required of him personally; his resignation is subject to any future application that may be made by a Committee to any Department of the Appellate Division for an order pursuant to Judiciary Law § 90(6-a) directing that he make restitution or reimburse the Lawyers' Fund for Client Protection; and he consents to the continuing jurisdiction of the Appellate Division to make such an order, provided, however, he does not waive any rights which he may have to object to, or oppose, any such application and/or order; he acknowledges and agrees that pending an issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds therein on behalf of clients or others entitled to receive them; and that he understands that in the event this Court accepts his resignation, the order resulting from this application and the records and documents filed, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
As respondent's affidavit of resignation conforms with 22 NYCRR § 1240.10, the motion is granted to the extent of accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys, nunc pro tunc to July 22, 2019 (date of his affidavit) (see Matter of Hock, 171 AD3d 173 [1st Dept 2019]; Matter of Kiss, 163 AD3d 35 [1st Dept 2018]; Matter of Dubal, 151 AD3d 34 [1st Dept 2017]). This Court need not order any restitution pursuant to Judiciary Law § 90(6-a) because all funds belonging to the estate and trust have been distributed or are available for distribution.
However, respondent's request that this Court make the effective date of his resignation [*2]not less than 30 days from the entry date of our order, to allow him and his law partner to wind down their law practice and give their clients and employees notice of their resignations is denied.
While respondent cites 22 NYCRR 1240.15(a), which provides that a disbarred or suspended attorney "during the period between the entry date of the order [of disbarment/suspension] and its effective date... may wind up and complete, on behalf of any client, all matters which were pending on the entry date," this Court's usual practice is to deem an attorney's resignation effective nunc pro tunc as of the date on which the attorney's affidavit of resignation was sworn (see Matter of Kiss, 163 AD3d at 37; Matter of Freedman, 141 AD3d 84, 86 [1st Dept 2015]), and the other Appellate Divisions also accept disciplinary resignations and disbar effective immediately (see e.g. Matter of Hayes, 162 AD3d 1393 [3d Dept 2018]; Matter of Lee, 153 AD3d 132 [2d Dept 2017]; see also Matter of Yohan Choi, 170 AD3d 113 [2d Dept 2019]. Respondent has not set forth any unusual circumstances that would warrant this Court to deviate from its usual practice, especially in light of the fact that he acknowledges that his application for resignation will be granted, and that disbarment will be forthcoming.
Accordingly, we accept respondent's resignation from the practice of law, he is disbarred him and his name is stricken from the roll of attorneys, nunc pro tunc, to July 22, 2019.
All concur.
Order filed. [November 14, 2019]
The motion is granted to the extent that respondent's resignation is accepted, and respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 22, 2019.