Matter of Fraade (2019 NY Slip Op 08284)





Matter of Fraade


2019 NY Slip Op 08284


Decided on November 14, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Angela M. Mazzarelli,Justice Presiding,
Barbara R. Kapnick
Troy K. Webber
Ellen Gesmer
Cynthia S. Kern, Justices.


M-3580

[*1]In the Matter of Alan P. Fraade, (admitted as Alan Peter Fraade), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Alan P. Fraade, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Alan P. Fraade, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 9, 1976.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Naomi F. Goldstein, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Alan P. Fraade was admitted to the practice of law in the State of New York by the First Judicial Department on February 9, 1976, under the name Alan Peter Fraade. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Department.
Respondent now seeks an order, by motion pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice law in the State of New York. He also requests that this Court "determine that the period of time between the entry date of the order accepting [his] Affidavit of Resignation and the effective date of such order be a period of not less than 30 days" so as to afford him and his law partner adequate time to give their clients and employees advance notice of their resignations, and to wind up their practice.
Respondent has submitted an affidavit in support of his motion to resign, which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10.
Respondent acknowledges that he is currently the subject of an investigation by the Attorney Grievance Committee (AGC) involving allegations that include at least the following acts of professional misconduct: between August 16 and October 3, 2012, while retained to represent an attorney serving as the executor of an estate and as the trustee of a related trust, respondent and his law partner (Frederick M. Mintz) willfully misappropriated $125,000 by transferring such funds from an estate account into their law firm's escrow accounts, and then transferring $70,000 of those funds into the firm's operating account and using them to pay the firm's operating expenses. Respondent adds that, on April 11, 2017, when the Surrogate's Court issued a decision pursuant to petitions to settle the accounts of the executor and trustee, the $487,014.50 representing the balance of funds belonging to the estate/trust were not kept in an attorney trust account. Further, aggregate funds of $360,000 were held in a separate account titled "The Mintz Fraade Law Firm, P.C.," which respondent claims was "created to be utilized for replenishing the . . . escrow funds." Respondent attests that he cannot successfully defend against the allegations based on the facts and circumstances of his professional conduct as described herein.
Respondent acknowledges that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that this Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
In addition, while the AGC's investigation includes allegations that he willfully misappropriated or misapplied money in the practice of law, respondent avers that restitution is not applicable here because all funds held in escrow belonging to the estate/trust have been distributed or are available for distribution. Respondent further avers that on May 17, 2017, after transferring funds to its escrow account, his firm issued a check to the attorney for the beneficiaries of the estate/trust for $425,000, and that the balance of $72,910.66 remains in the firm's escrow account pending further order from the Surrogate's Court. Notwithstanding, he acknowledges that his resignation is submitted subject to any future application by a Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order.
Furthermore, respondent acknowledges and agrees that pending issuance of an order accepting this resignation, he will not undertake to represent any new clients or accept retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Respondent understands that in the event this Court accepts his resignation, the order resulting from this application and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
As respondent's affidavit of resignation conforms with 22 NYCRR 1240.10, the motion is granted to the extent of accepting his resignation from the practice of law and striking his name from the roll of attorneys and counselors-at-law, nunc pro tunc to July 22, 2019 (date of his affidavit) (see Matter of Hock, 171 AD3d 173 [1st Dept 2019]; Matter of Hamburg, 168 AD3d 112 [1st Dept 2019]; Matter of Kiss, 163 AD3d 35 [1st Dept 2018]). This Court need not order any restitution pursuant to Judiciary Law § 90(6-a) because all funds that were required to be distributed from the estate/trust have been distributed.
However, respondent's request that this Court make the effective date of his resignation not less than 30 days from the entry date of our order, to allow him and his law partner to wind down their law practice and give their clients and employees notice of their resignations, is denied.
While respondent relies on 22 NYCRR 1240.15(a), which provides, in part: "during the period between the entry date of the order [of disbarment/suspension] and its effective date, the respondent may wind up and complete, on behalf of any client, all matters which were pending on the entry date," this Court's usual practice is to deem an attorney's resignation effective nunc pro tunc as of the date on which the attorney's affidavit of resignation was sworn (see Matter of Kiss, 163 AD3d at 7; Matter of Freedman, 141 AD3d 84, 86 [1st Dept 2015]), and the other Appellate Divisions also accept disciplinary resignations and disbar effective immediately (see e.g. Matter of Hayes, 162 AD3d 1393 [3d Dept 2018]; Matter of Lee, 153 AD3d 132 [2d Dept 2017]; see also Matter of Yohan Choi, 170 AD3d 113 [2d Dept 2019]. Respondent has not set forth any compelling reason for this Court to treat him or his practice differently from other similarly situated attorneys, especially where his papers indicate his awareness that his application for resignation will be accepted and that disbarment is forthcoming.
Accordingly, we accept respondent's resignation from the practice of law, he is disbarred and his name is stricken from the roll of attorneys, nunc pro tunc, to July 22, 2019.
All concur.
Order filed. [November 14, 2019]
The motion is granted to the extent that respondent's resignation is accepted and respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 22, 2019.